UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00295-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ARMANDO JIMENEZ TAGLE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Defendant's pro se motion, filed under Rule 12(b)(1) for the "Federal Rules of Civil Procedure," comes after Judgment has been entered. Specifically, defendant claims that this court lacked jurisdiction and that under the Federal Rules of *Civil* Procedure he can challenge jurisdiction at any time, even after judgment has been entered. While defendant has correctly stated the broad scope of the jurisdictional inquiry under the Federal Rules of *Civil* Procedure, Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884), this is a criminal case and the jurisdictional inquiry is governed by the Federal Rules of Criminal Procedure. By not raising such issue prior to entry and acceptance of his plea, defendant has forever waived his ability to challenge this court's jurisdiction over him, at least in this criminal matter.

Defendant is not, however, without recourse if he believes that the judgment was imposed beyond the court's jurisdiction. A prisoner may attack the validity of a federal sentence pursuant to 28 U.S.C. § 2255, but must allege and later prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. United States v. Kelly, 2013 WL 139500, *1 (D.S.C. Jan. 10, 2013); 28 U.S.C. § 2255(a).

Review of the instant motion does not reveal that defendant is attempting to file a Section 2255 motion; rather, the form motion defendant has used appears to be more in line with a so-called "sovereign citizen" pleading. Thus, there is no reason to construe the instant motion as a Section 2255 petition under Castro v. United States, 540 U.S. 375 (2003). Indeed, it is unlikely that such motion would survive initial review.

Such motion does, however, suggest that defendant may have some collateral challenge to his conviction. While the court will deny the instant criminal motion without prejudice, it will instruct the Clerk of Court to send defendant a Section 2255 form petition. Finally, defendant is advised that he should carefully consider the filing of a Section 2255 petition as he may file only one Section 2255 petition without leave of the appellate court and that he has only one year from the court's Judgment becoming final to file such Section 2255 petition with this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#39) is DENIED without prejudice and the Clerk of Court is instructed to send defendant a copy of the Section 2255 form Petition along with a copy of this Order.

Signed: March 5, 2015

Max O. Cogburn Jr
United States District Judge